**In re Matter of an ORDER PURSUANT TO SECTION 3013(d) RCRA, 42 U.S.C. § 6934(d), Western Processing Company, Inc., Kent, Washington.**

No. MS82–113.

United States District Court, W.D. Washington.

Nov. 8, 1982.

---

David V. Marshall, Asst. U.S. Atty., Seattle, Wash., for the United States.

Peter Danelo, Carmody, Syrdal, Danelo & Klein, P.S., Seattle, Wash., for Western Processing Co., Inc.

VOORHEES, District Judge.

This matter came on for hearing on October 15, 1982, upon the motion of Western Processing Company, Inc., (hereafter "Western Processing") for an Order quashing the administrative inspection warrant issued herein on September 23, 1982 by United States Magistrate John L. Weinberg, and for a preliminary injunction preventing any further U.S. Environmental Protection Agency (hereafter "EPA") activity to execute that warrant.

The Court briefly heard argument of counsel on October 14, 1982, and entered a temporary restraining order against EPA until this matter could be heard the following day. On October 15, 1982, the Court, having previously read and considered all matters which were by then properly filed with the Clerk herein, received further evidence in the form of oral testimony by Luurt Nieuwenhuis (former President of Western Processing) and certain photographs admitted during such testimony, and heard argument of counsel.

Upon the basis of the foregoing, the Court now makes and enters the following decision and Order.

*Findings of Fact and Conclusions of Law*

1. The Court has jurisdiction of the subject matter and parties herein pursuant to 28 U.S.C. § 1345, this matter having been commenced by the United States on September 23, 1982, by an application for, and issuance and service of, a civil administrative entry/inspection warrant herein, pursuant to 42 U.S.C. §§ 6927(a)(1) and (2) and 6934(d), the inspection, entry, and monitoring provisions of the Resource Conservation and Recovery Act ("RCRA").

2. As set forth in the brief of Western Processing and uncontested herein, Western Processing operates a facility for recycling and reclaiming hazardous wastes in Kent, Washington.

3. In August of 1982, Western Processing was served with an administrative "Order Requiring Submission and Implementation of Proposal for Sampling, Analysis, Monitoring and Reporting," signed by the Administrator of EPA pursuant to 42 U.S.C. § 6934, Section 3013 of RCRA. EPA's version of the history of the instant controversy of the parties, and a partial history of Western Processing's activities prior to EPA's warrant application are set forth (in the form of administrative findings and determinations) in that EPA Order (on file with the Clerk herein as an Exhibit

to the Application for Warrant). Based in part on 1981 and 1982 site visits to Western's 13-acre plant, and the sampling and analysis of surface waters adjacent to that plant, EPA reached the conclusion (in the § 3013 Order) that the presence of hazardous wastes at the facility, and the release of hazardous wastes from the facility into the environment, "may present a substantial hazard to human health or the environment."

4. The Order required Western Processing to submit a proposal to EPA for the sampling, analysis, reporting and monitoring of hazardous wastes at the facility, pursuant to RCRA Section 3013(c), 42 U.S.C. § 6934(c). The Order outlined the specific types of activities such a proposal should include and also apprised Western Processing that if EPA determined that Western Processing was not able to submit and implement such a proposal, under RCRA § 3013(d), 42 U.S.C. 6934(d), EPA would do so itself, reserving the right to seek reimbursement at a later date. The Order afforded Western Processing the opportunity to confer with EPA officials respecting the development of such a proposal. Finally, the Order required response within thirty days.

5. Western Processing thereafter informed EPA that it did not have the financial means to comply with the Order. Western Processing thereafter did not submit any such proposal to EPA and, according to the affidavits of record herein, EPA concluded the agency would have to conduct the necessary testing and sampling.

6. On September 23, 1982, EPA made *ex parte* application to Magistrate John L. Weinberg of this Court for a civil administrative entry/inspection warrant. Presented to the Magistrate were the following: (1) an Application for, and Memorandum in Support of, a Warrant for Entry and Order, which, *inter alia,* set forth the pertinent portions of RCRA's inspection and monitoring provisions, §§ 3007 and 3013, 42 U.S.C. §§ 6927 and 6934; (2) a sworn affidavit of William B. Schmidt, an EPA official, which discussed the proposed well drilling and

sampling plan for the facility; and (3) a sworn affidavit of Kenneth D. Feigner, an EPA official, which discussed the issuance of the § 3013 order, Western Processing's failure to submit a proposal and Western Processing's expressed intention to refuse and bar access to the site to EPA. Appended as an exhibit to Mr. Feigner's affidavit was a copy of the § 3013 order, which required, *inter alia,* the drilling of ground water monitoring wells.

7. Magistrate Weinberg thereafter signed the proposed Inspection Warrant, authorizing EPA to enter the Western Processing site to conduct its inspection and monitoring activities under RCRA §§ 3013 and 3007, 42 U.S.C. §§ 6934 and 6927.

8. On October 12, 1982, Western Processing instituted the instant proceedings to quash the administrative inspection warrant signed by the Magistrate and to enjoin further EPA activities on the Western site.

9. Having considered the factual and legal background of this matter, the Court finds that Congress has expressed the view that "unless neutralized or otherwise properly managed in their disposal, hazardous wastes present a clear danger to the health and safety of the population and to the quality of the environment." House Report No. 1491, 94th Congress, Second Session 3, *reprinted in,* 1976 U.S.Code and Ad.News 6238, 6241.

10. Congress has granted to the Administrator of EPA the authority (and imposed a duty) to conduct monitoring, testing, and analysis of hazardous waste processing and storage facilities such as Western's.

11. The Court concludes that RCRA §§ 3013 and 3007, 42 U.S.C. §§ 6934 and 6927, are not unconstitutional. Both sections prescribe entry at reasonable times, as well as authorizing only such activities as are reasonable under the circumstances to "ascertain the nature and extent of such hazard." RCRA Section 3013(c), 42 U.S.C. § 6934(c), requires the recipient of a § 3013 monitoring order to have an opportunity to propose and perform a suitable investigation to ascertain the nature and extent of a potential hazard.

The statutory scheme under RCRA § 3013 creates a system to assure reasonable advance notice to a regulated facility of the prospective investigation, its objects, purposes, nature and extent, and is not overly broad, nor inconsistent with the Fourth Amendment. The Court further finds that the Administrator, pursuant to her statutory authority and based upon information presented to her, acted reasonably in her issuance of the § 3013 Order upon which the warrant at issue here was based.

12. Western Processing has further argued that RCRA §§ 3007 and 3013, 42 U.S.C. §§ 6927 and 6934, required the Administrator of EPA to initiate a civil lawsuit, with service of process and an opportunity to be heard, before issuance of an order enforcing the Administrator's inspection and monitoring authority. Western Processing contends an *ex parte* inspection warrant is not authorized under this statute nor, because of the intrusive nature of the inspection sought, and the alleged substantial disruption to Western Processing's business activities, permissible under the Fourth Amendment.

This Court finds that the provisions of RCRA which authorize the filing of enforcement actions do not preclude the Administrator from using the customary remedy of an *ex parte* administrative inspection warrant. Such an *ex parte* procedure is recognized to be adequate to protect Fourth Amendment interests. *Bunker Hill v. EPA,* 658 F.2d 1280 (9th Cir.1981).

13. The documents considered by the Magistrate apprised him of EPA's statutory authority, and of the nature of the drilling, testing, monitoring and investigating activity EPA proposed to carry out at Western's site. The documents show reasonable grounds (in a Fourth Amendment sense) for the issuance of a civil administrative entry/inspection warrant. The warrant application documents make clear that Western Processing was on notice, by the service of the EPA's § 3013 order and by discussions with the agency representatives, of what testing activity was contemplated.

Construing the warrant documents as a whole, the inspection warrant authorized by the Magistrate was not overbroad and Western Processing was sufficiently informed of the activities authorized. The activities EPA proposed to take were "reasonable" within the statutory meaning of RCRA § 3013(d)(1)(A), 42 U.S.C. § 6934(d)(1)(A).

14. Contentions by Western Processing that instances of business disruption occurred in execution of the warrant may form the basis for some later claim for relief by Western Processing in independent proceedings. They do not, however, support Western Processing's present contention that the warrant was improperly issued. Nor has Western Processing sustained its burden of showing entitlement to injunctive relief.

By oral order of this Court issued October 15, 1982, the Temporary Restraining Order previously issued herein was dissolved. Based on the foregoing findings, Western Processing's motions to quash the administrative inspection warrant and for a preliminary injunction against its further execution are hereby denied.